UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

          Plaintiff,

v.                                                Case No. 17-cv-706-pp

MITCHELL BILLE,
GERRAD KIBBEL,
RYAN HINTZ,
CO KEVIN BENSON,
and ADAM MARTIN,

          Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DKT. NO. 18) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 20)**

---

        Plaintiff Joshua Braithwaite is a Wisconsin state prisoner representing himself. He filed this lawsuit alleging that the defendants failed to prevent him from harming himself, in violation of the Eighth Amendment to the United States Constitution. Dkt. No. 1. The plaintiff has filed a motion for a protective order, dkt. no. 18, and a motion to appoint counsel, dkt. no. 20. The court denies both motions.

        The plaintiff has asked the court to issue a protective order limiting the defendants' access to his medical and psychological records. Dkt. No. 18. He requests that the court limit the defendants' access to his records such that they can only access those portions of his records that are relevant to his claim. Id. Along with his motion, the plaintiff includes an Authorization for

Disclosure of Medical Information that the defendants requested him to sign. Dkt. No. 18-1 at 2-3.

Federal Rule of Civil Procedure 26 states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] … The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c)(1). The plaintiff does not state that he conferred with the defendants before filing his motion. He may satisfy that requirement by writing to the defendants. But because the plaintiff has not conferred with the defendants in an attempt to resolve this issue without involving the court, the court will deny his motion for a protective order without prejudice. This means he can file the motion again later if he is not able to work out his concerns with counsel for the defendants.

The plaintiff also has filed a motion to appoint counsel. Dkt. No. 20. He states that he cannot afford to hire an attorney and that his imprisonment will greatly limit his ability to litigate. Id. at 1. The plaintiff also states that this case involves complex issues that will require significant research and investigation outside of his reach. Id. He asserts that he has limited access to the law library and limited knowledge of the law. Id.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706

F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

Here, the plaintiff asserts that he attempted to find an attorney on his own by contacting eleven attorneys. Dkt. No. 20 at 2. He attached to his motion letters from two of the attorneys. Dkt. No. 20-1. In one of the letters, the attorney said that he would consider representing the plaintiff if the plaintiff would provide him with a complete set of his Health Service Unit records and documentary evidence that the plaintiff has exhausted his administrative remedies. Id. at 2. The plaintiff does not explain whether he provided the attorney with the requested information. Because the plaintiff did not state in his motion whether he'd provided the attorney with the documents (or even whether he was able to do so), the court cannot conclude that he has made a reasonable attempt to find an attorney on his own.

Even if the plaintiff had made a reasonable attempt to find a lawyer on his own, on October 17, 2017, the plaintiff filed with the court the discovery

requests that he had submitted to the defendants. Dkt. No. 22. These requests, which include requests for production of documents, interrogatories and requests for admissions, show that the plaintiff has the capacity to conduct discovery and engage in pretrial motion practice on his own. The court will deny without prejudice the plaintiff's motion to appoint counsel without prejudice; if there comes a time that he can (a) demonstrate that he has made a reasonable effort to find counsel on his own, and (b) demonstrate that the case has become too complex for him to handle, he may file another motion.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for protective order. Dkt. No. 18

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 20

Dated in Milwaukee, Wisconsin this 18th day of January, 2018.

_____
**HON. PAMELA PEPPER
United States District Judge**