UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

                    Plaintiff,

v.                                    Case No. 17-cv-706-pp

MITCHELL BILLE, GERRAD KIBBEL,
RYAN HINTZ, CO KEVIN BENSON,
AND ADAM MARTIN,

                      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 51) AND REOPENING CASE**

---

Plaintiff Joshua Braithwaite is a Wisconsin state prisoner representing himself. He filed this lawsuit, alleging that the defendants failed to prevent him from harming himself, in violation of the Eighth Amendment to the United States Constitution. Dkt. No. 1. On July 16, 2018, the court granted the defendants' motion for summary judgment for failure to exhaust administrative remedies and dismissed the case without prejudice. Dkt. No. 49. The court entered judgment on the same day. On July 27, 2018, the plaintiff filed a motion to alter or amend judgment. Dkt. No. 51. The court will grant the plaintiff's motion and reopen the case.

The court concluded that the plaintiff failed to exhaust his administrative remedies.

> The plaintiff filed an inmate complaint in which he raised the issue of the defendants' alleged failure to help him after he notified them that he was suicidal. The institution complaint examiner

1

> returned the inmate complaint to the plaintiff, and directed him to try to resolve the issue with Sergeant Tritt, per Wis. Admin. Code §DOC 310.09(4). The institution complaint examiner also explained that the plaintiff could resubmit his complaint if he felt that staff did not address the issue to his satisfaction with any correspondence to and/or from Tritt with the resubmission. The plaintiff resubmitted his inmate complaint, but he did not include any correspondence to and/or from Sergeant Tritt, as directed. In his appeal to the corrections complaint examiner, the plaintiff asserted that he wrote to Tritt, but that he did not receive a response; he stated that he would not submit evidence of the correspondence. The institution complaint examiner and the warden dismissed the plaintiff's complaint at the institution level for failure to follow directions, and did not address the complaint on the merits. The corrections complaint examiner and the Office of the Secretary agreed with the decision on appeal.
>
> "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo, 286 F.3d at 1023. To properly exhaust, the plaintiff should have included a copy of his correspondence to Tritt, as directed. The plaintiff acknowledges that he did not follow the directions, and he does not describe any reason that he could not have done so. The plaintiff's failure to follow the rules means that he did not properly exhaust his administrative remedies. See Woodford, 548 U.S. at 93; see also Carlton v. Dodge Corr. Inst., No. 12–cv–695–wmc, 2014 WL 4186796, at *5 (W.D. Wis. Aug. 21, 2014) (no exhaustion where inmate "never submitted evidence of an attempt to comply with ICE's directives [to attempt informal resolution], as he had been repeatedly instructed to do pursuant to the DOC's grievance procedure, before simply submitting new complaints") (emphasis omitted). The court will dismiss the plaintiff's deliberate indifference claim without prejudice, for failure to exhaust administrative remedies. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

Dkt. No. 49 at 11-12.

In his motion to alter or amend judgment, the plaintiff contends that the court erred when it granted the defendants' motion for summary judgment on exhaustion grounds to the extent that it based its decision on the fact that "the plaintiff should have included a copy of his correspondence to Tritt, as

2

directed." Dkt. No. 51 at 2. The plaintiff states that Sergeant Tritt did not return the letter the plaintiff sent him and that the plaintiff "was never directed to keep a copy of the letter he sent to Tritt[.]" Id. at 3. According to the plaintiff, he cannot be punished for failing to make copies when no one told him he had to. Id. at 4. The plaintiff states that he did all he could do under the circumstances: he resubmitted his original complaint "informing staff that he had waited way over a reasonable amount of time for Tritt's response and that he has not heard back (with the original document) from Tritt." Id. at 5. (The defendants did not file a response to the plaintiff's alter or amend judgment.)

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). "Motions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." Id. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted).

The record reveals that the institution complaint examiner returned the plaintiff's initial inmate complaint to him with instructions stating that the plaintiff could re-submit his complaint after he took the following actions: 1) inform Sergeant Tritt that the plaintiff was instructed to contact Tritt by the

3

Inmate Complaint Department regarding the issues presented in the inmate complaint; 2) re-submit the complaint if he felt staff did not address his issue to his satisfaction, including any correspondence to and/or from Tritt with the resubmission; and 3) inform the Complaint Department that he is resubmitting the complaint for review using the original complaint form. See Dkt. No. 49 at 5. At summary judgment, the plaintiff allegedly followed these directions because he tried to contact Tritt and, when he didn't receive a response, he resubmitted his original complaint. See id.

In its summary judgment order, the court faulted the plaintiff for failing to include a copy of his correspondence to Tritt. Id. at 12. The court did this because when the plaintiff appealed the dismissal of his complaint to the corrections complaint examiner, the plaintiff stated that he had evidence that he had written Tritt but that he "would not be sending because I will be using that in my lawsuit, when this is over with." See id. at 7. The court assumed that this meant that the plaintiff had a copy of his correspondence to Tritt and that he refused to submit it. Based on the plaintiff's motion to reconsider, the court agrees that it erred in assuming that the evidence the plaintiff had was a copy of the letter to Tritt.

Whatever evidence the plaintiff had is not relevant to the determination of whether the plaintiff exhausted his administrative remedies, because he followed the institution complaint examiner's instructions when he resubmitted his inmate complaint after trying to contact Tritt. The institution complaint examiner instructed the plaintiff to submit any correspondence to and/or from

4

Tritt along with the resubmitted inmate complaint, but the plaintiff did not have any correspondence to submit. The corrections complaint examiner later faulted the plaintiff for failing to follow the institution complaint examiner's instructions when using the complaint system and, on appeal, for failing to follow the rules by submitting evidence that could be relevant to supporting that the institution improperly dismissed his inmate complaint. The court cannot locate a rule that requires the plaintiff to submit evidence relevant to supporting his appeal.

Prisoners cannot be expected to exhaust administrative remedies that are "unavailable." See Ross v. Blake, 136 S. Ct. 1850, 1859-60 (2016). "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison officials do not respond to a properly filed grievance or other use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (citing Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002)); see also Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004).

The court erred when it concluded that the plaintiff failed to exhaust his administrative remedies. Rather, the court should have concluded that the plaintiff exhausted because he did everything that institution staff instructed him to do. Dole, 438 F.3d at 811 (inmate exhausted because he properly followed procedure, and inmate complaint was unresolved "through no apparent fault of his own"). The court will grant the plaintiff's motion for reconsideration.

The parties previously had filed cross-motions for summary judgment on the merits of the plaintiff's claims. Dkt. Nos. 28, 32. The court did not address these motions because it granted the defendants' summary judgment motion on exhaustion grounds. Having determined that the plaintiff did exhaust his available administrative remedies and that the court should not have dismissed this case, either or both parties may renew their merits-based summary judgment motions within **ten days** of the date of this order. The parties need not refile all the summary judgment materials that they previously filed; they may simply file a single-page "renewed motion for summary judgment" that references the prior materials.

The court **GRANTS** the plaintiff's motion to alter or amend judgment. Dkt. No. 51.

The **ORDERS** that the parties may file renewed motions for summary judgment, as described above, within **ten days** of the date of this order.

Dated at Milwaukee, Wisconsin this 16th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**