UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

                  Plaintiff,

v.                                          Case No. 17-cv-706-pp

MITCHELL BILLE, GERRARD KIBBEL,
and RYAN HINTZ,

                  Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 90)**

---

The plaintiff has filed a motion for preliminary injunction and request for investigation. Dkt. No. 90. He states that his life is in "extreme danger," he is a "stress cutter" (in that he cuts himself to relieve his stress) and that Wisconsin Secure Program Facility (WSPF) staff allowed him to posses two razors. Id. at 1. The plaintiff says that he has been at WSPF for over three years and that he has been to the hospital thirty to forty times to get stitches in his wrist. Id. The plaintiff says he has been unable to receive the mental health care he needs. Id. at 2. The plaintiff states that he is filing a lawsuit against at least fifty staff members regarding issues at WSPF. Id. at 2-3. He asks the court to help him by sending someone to investigate and asks that the court issue an injunction to move him from WSPF. Id. at 3.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). The

purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Fahenm-El v. Klincar, 841 F.2d 712, 717 (7th Cir. 1988). To obtain a preliminary injunction, the plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health, 699 F.3d 962, 972 (7th Cir. 2012) (citing Am. Civil Liberties Union of Ill. v. Alvarez, 679 F.3d 583, 589-90 (7th Cir. 2012)).

The purpose of a preliminary injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Faheem-El v. Klincar, 841 F.2d 712, 717 (7th Cir. 1988). A court issues a preliminary injunction "to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims made in the underlying lawsuit. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

While both the plaintiff's claim in his complaint and some of his claims in the motion for a preliminary injunction involve self-harm, the claim on which the court allowed him to proceed at the screening stage is based on an incident that took place at Waupun Correctional Institution in 2016. The court

2

cannot grant the plaintiff the injunctive relief he requests in his February 2021 motion because the events he describes in that motion occurred *after* the events he described in the complaint, at a different facility than the facility described in the complaint. If the plaintiff wants help from the court regarding things that have happened at WSPF in the years after he filed the complaint in this case, he must file a separate lawsuit about those events, and seek relief in that lawsuit.

The court also notes that the plaintiff has a lawyer. On November 4, 2020, the court appointed an experienced attorney, Nate Cade, to represent the plaintiff. Dkt. No. 68. The plaintiff signed an agreement to accept Attorney Cade's assistance. Dkt. No. 70. Generally, a party who is represented by a lawyer may not file his own motions or briefs; he must go through his lawyer. See Luera v. Lyerla, No. 15-CV-350, 2019 WL 4750569, at *6 (S.D. Ill. Sept. 30, 2019); see also 28 U.S.C. §1654 (providing that "parties may plead and conduct their own cases personally or by counsel"); Fed. R. Civ. P. 11(a) (requiring that every motion be signed by an attorney *or*, if the party is representing himself, by the party proceeding without a lawyer). The court recruited a lawyer to represent the plaintiff in this case at no cost to the plaintiff. This means that the plaintiff's lawyer—not the plaintiff—is the only person who ought to be filing motions or other pleadings with the court. If the plaintiff believes that something needs to be filed, he should contact his lawyer and discuss it with his lawyer. He should listen carefully to his lawyer's advice about whether to file the document. But the plaintiff should not be filing things on his own.

The court will deny the plaintiff's motion for preliminary injunction. It will not address any future filings that the plaintiff files himself and that his lawyer has not signed.

The court **DENIES** the plaintiff's motion for preliminary injunction. Dkt. No. 90.

Dated in Milwaukee, Wisconsin this 2nd day of June, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**