UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA BRAITHWAITE,

        Plaintiff,

                                 Case No. 17-cv-706-pp

   v.

MITCHELL BILLE,
GERRAD KIBBEL
and RYAN HINTZ,

        Defendants.

---

**JURY INSTRUCTIONS**

---

1

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Case 2:17-cv-00706-PP   Filed 12/02/21   Page 2 of 26   Document 119

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Case 2:17-cv-00706-PP   Filed 12/02/21   Page 3 of 26   Document 119

## EVIDENCE

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

5

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Case 2:17-cv-00706-PP   Filed 12/02/21   Page 8 of 26   Document 119

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

9

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## PRIOR INCONSISTENT STATEMENTS

You may consider statements given by a party before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Case 2:17-cv-00706-PP   Filed 12/02/21   Page 13 of 26   Document 119

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

14

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## GENERAL: DEPARTMENT OF CORRECTIONS IS NOT A PARTY

Defendants Bille, Kibbel and Hintz are being sued as individuals. Neither the Wisconsin Department of Corrections nor the State of Wisconsin is a party to this lawsuit.

16

**MULTIPLE DEFENDANTS**

You must give separate consideration to each defendant in this case. Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.

## GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

The plaintiff must prove by a preponderance of the evidence that the particular defendant you are considering was personally involved in the conduct that the plaintiff complains about. You may not hold a particular defendant liable for what others did or did not do.

## EIGHTH AMENDMENT: FAILURE TO PROTECT FROM SELF HARM

The Constitution requires prison officials to protect prisoners from harming themselves under certain circumstances. To succeed on this claim, the plaintiff must prove each of the following four things by a preponderance of the evidence:

1.      There was a strong likelihood that the plaintiff would seriously harm himself in the near future. A mere possibility of serious harm is not a strong likelihood.

2.      The particular defendant you are considering was aware of this strong likelihood that the plaintiff would seriously harm himself in the near future or strongly suspected facts showing a strong likelihood that the plaintiff would be seriously harmed but refused to confirm whether these facts were true. You may infer this from the fact that the risk was obvious.

3.      The particular defendant you are considering consciously failed to take reasonable measures to prevent the plaintiff from seriously harming himself.

In deciding this, you may consider how serious the potential harm to the plaintiff was, how difficult it would have been for the particular defendant you are considering to take corrective action, and whether the particular defendant you are considering had legitimate reasons related to safety or security for failing to take action.

4.      The plaintiff would have suffered less harm if the particular defendant you are considering had not disregarded the risk.

If you find that the plaintiff has proved each of these things by a preponderance of the evidence as to the particular defendant you are considering, then you must decide for the plaintiff as to that defendant, and go on to consider the question of damages as to that defendant.

If, on the other hand, you find that the plaintiff has failed to prove any one of these things by a preponderance of the evidence as to the particular defendant you are considering, then you must decide for that defendant, and you will not consider the question of damages as to that defendant.

**LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES**

You have heard evidence about whether the defendants' conduct complied with Wisconsin Department of Corrections policies and procedures.

You may consider this evidence in your deliberations. But remember that the issue is whether the particular defendant you are considering knew that the plaintiff faced a substantial risk of serious harm and intentionally disregarded that risk, not whether a Department policy or procedure might have been complied with or violated.

## NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for a particular defendant on the question of liability, then you should not consider the question of damages as to that defendant.

21

## COMPENSATORY DAMAGES IN PRISONER CASES

If you find in favor of the plaintiff as to the particular defendant you are considering, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained as a direct result of that defendant's Eighth Amendment violation.

The plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In this case the parties dispute whether the plaintiff suffered a physical injury. If you find that the plaintiff has proven by a preponderance of the evidence that he suffered a physical injury, you may award damages for any mental or emotional injury he suffered as a result. If you find that the plaintiff did not suffer a physical injury, you may not award damages for mental or emotional injury. Whether or not the plaintiff proves a physical injury, you may award nominal damages and punitive damages, so long as you find that he has met the standard for obtaining those damages.

You should consider the following types of compensatory damages, and no others:

The physical, mental and emotional pain and suffering that the plaintiff has experienced. No evidence of the dollar value of physical, mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

22

## DAMAGES: PUNITIVE

If you find for the plaintiff as to the particular defendant you are considering, you may, but are not required to, assess punitive damages against that defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to that defendant and others not to engage in similar conduct in the future.

The plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the particular defendant you are considering. You may assess punitive damages only if you find that that defendant's conduct was malicious or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, the particular defendant you are considering simply did not care about the plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the particular defendant's conduct;

- the impact of the particular defendant's conduct on the plaintiff;

- the relationship between the plaintiff and the particular defendant;

- the likelihood that the particular defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

23

## SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

[Form of verdict read.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to Mr. Graham, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

25

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.