IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOSHUA P. BRAITHWAITE,

    Plaintiff,

v.                                        Case No. 17-CV-706

MITCHELL BILLE ET AL,

    Defendants.

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR RENEWED RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants, by their attorneys, submit this brief in support of their Rule 50(b) motion for judgment as a matter of law.

### INTRODUCTION

Plaintiff Joshua Braithwaite alleges that Defendants Mitchell Bille, Gerrad Kibble, and Ryan Hintz, failed to protect him from committing self-harm on April 18, 2016, in violation of his Eighth Amendment rights. After a three-day trial, the jury determined on its second day of deliberations that it could not reach a unanimous decision. The Court declared a hung jury and Defendants requested the opportunity to renew their motion for judgment as a matter of law pursuant to Rule 50(b).

The basis for Defendants' renewed motion of law is that the undisputed documentary evidence in this case—the April 16, 2018 photograph and medical note—demonstrate that Mr. Braithwaite had only a superficial abrasion. Under *Lord v. Beahm*, 952 F.3d 902 (7th Cir. 2020), as well as longstanding Seventh Circuit and

United States Supreme Court precedent, a section 1983 claim is a tort, which requires actionable injury. The Seventh Circuit has applied its decision in *Lord* broadly, repeatedly holding that a superficial cut is not an actionable injury in constitutional tort cases, like this one. Accordingly, Mr. Braithwaite's claims must be dismissed as a matter of law because his superficial abrasion is not an actionable injury under section 1983.

## FACTUAL BACKGROUND

### A. Braithwaite's allegations

Mr. Braithwaite alleged, both in his Complaint and during his testimony at trial, that Defendants Mitchell Bille, Gerrad Kibble, and Ryan Hintz, failed to protect him from committing self-harm on April 18, 2016, while he was incarcerated at the Waupun Correctional Institution (Waupun). (Dkt. 1:2-3; *see also* dkt. 10:3-4.) Specifically, Braithwaite alleges that on the morning of April 18, 2016, he told Defendants Bille and Kibble that he was feeling suicidal and planning to cut himself if he did not talk to the psychological services unit (PSU). (*Id.*) According to Braithwaite, Bille and Kibble walked away, ignoring Braithwaite's request for help. (*Id.*) [1]

At trial, Braithwaite relied on the intercom log from April 18, 2016 to argue that Defendant Ryan Hintz was notified multiple times over the course of 19 minutes that Braithwaite was feeling suicidal and cutting himself:

---

[1] Although Bille and Kibble dispute Braithwaite's allegations, this dispute is immaterial for the purposes of Defendants' Rule 50(b) motion.

| 4-18-16 | B106 | Braithwaite | 475603 | 10:51 | Suicidal | Sgt. | M~~ |
| 4-18-16 | C216 | ▮▮▮▮▮ | | 10:52 | Needs Spoon | Lt. Benson | M~~ |
| 4-18-16 | B107 | Wesley | 361156 | 11:00 | "B106 is suicidal" | None | M~~ |
| 4-18-16 | D106 | Braithwaite | 475603 | 11:10 | "I'm cutting myself" | Sgt. | M~~ |

(Dkt. 121; Ex. 135.) According to Braithwaite, Hintz failed to protect him from self-harm by not reacting immediately to the first call at 10:51. (Dkt. 1:2-3; *see also* dkt. 10:3-4.) [2]

### B. Braithwaite's superficial abrasion

The undisputed documentary evidence—an April 18, 2016 photograph and medical note—demonstrates that Mr. Braithwaite had only a superficial abrasion. The photograph that Captain Andrew Larson took of Braithwaite on April 18, 2016 shows only scratches on Mr. Braithwaite's left wrist.



*Exhibit 134, Dkt. 121*

Additionally, nurse Amy Gunderson's April 18, 2016 medical note states that Braithwaite had only a 1 cm superficial abrasion:

---

[2] At trial, Defendants presented evidence that Sergeant Hintz was unable to respond immediately because he was preparing for the cell extraction of another inmate that needed medical care at the same time that Braithwaite was using his intercom.

> 4-18-16 1020 Seen in stripcell d/t cutting self
> on L arm. Superficial abrasion
> to L posterior inferior to AC
> measuring approx 1 cm × 0.2cm.
> He would not state what he cut
> himself c. No active bleeding. No
> S/SX of infection noted. Cleansed +
> covered c bandage. No f/u needed.
> May remove bandage in 2 days
> and leave open to air. A. Gunderson

(Dkt. 121; Ex. 109 at 2.) Nurse Gunderson's note states that Mr. Braithwaite's wound was cleaned and covered with a bandage, which could be removed in two days. (*Id.*; *see also* dkt. 1:3.)

## STANDARD OF REVIEW

Under Rule 50 of the Federal Rules of Civil Procedure, "judgment may be granted as a matter of law when there is no 'legally sufficient evidentiary basis' to uphold the jury's verdict on that issue." *GQ Sand, LLC v. Range Management Systems, LLC* 278 F. Supp. 3d 1115, 1119 (W.D. WI 2017.) The court is charged with "examin[ing] the evidence presented, combined with any reasonably drawn inferences, and determin[ing] whether that evidence sufficiently supports the verdict when viewed in the light most favorable to the non-moving party." *EEOC v. AutoZone, Inc.*, 707 F.3d. 824, 835 (7th Cir. 2013). Although the Court examines the sufficiency of the evidence, it does "not make credibility determinations or weight the evidence." *Id.* (citing *Schandelmeier-Bartels v. Chi. Park Dist.*, 634 .3d 372, 376 (7th Cir. 2011)).

A Court reverses the verdict "only if no rational jury could have found for the prevailing party." *Id.* (citing *Bogan v. City of Chi.*, 644 F.3d 563, 572 (7th Cir. 2011)).

## LEGAL BACKGROUND

I. **The Seventh Circuit routinely cites its holding in *Lord* beyond the specific facts of that case.**

In denying Plaintiff's earlier summary judgment and Rule 50 motions, the Court reasoned that *Lord v. Beahm* was limited to the precise facts of that case. Specifically, the Court denied Defendants' motions on the grounds that *Lord* applied only when a plaintiff was attempting to evade discipline by making an insincere threat of self-harm. Defendants bring this renewed Rule 50 motion because the Seventh Circuit has applied *Lord's* holding much more broadly in a wide range of § 1983 cases reaffirming that the risk of harm in all self-harm cases must materialize into an actual injury.

   A. **Longstanding United States Supreme Court and Seventh Circuit case law requires an actionable injury to succeed on a section 1983 claim.**

A plaintiff's claims fail as a matter of law when "he has sued for damages under § 1983 and alleged a constitutional tort (an Eighth Amendment violation) without then developing evidence of a recoverable injury." *Lord*, 952 F.3d at 905 (7th Cir. 2020) (citing *Wilson v. Garcia*, 471 U.S. 261, 278 (1985) (recognizing that § 1983 confers "a general remedy for injuries to personal rights"); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019) (quoting *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)) ("In order to succeed in a § 1983 suit, a plaintiff must 'establish not only that a state actor violated his constitutional rights,

but also that the violation *caused* the plaintiff injury or damages.' "); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("Section 1983 is a tort [and] [a] tort to be actionable requires injury.").)

> **B.** **Trivial and superficial cuts are not a cognizable injury in § 1983 claims for failure to protect from self-harm.**

The Seventh Circuit has relied on *Lord* in other self-harm cases for its broad holding that superficial cuts are not a cognizable injury. As recently as December 22, 2021, the Seventh Circuit held that under *Lord*, "minor scratches" are not cognizable harm under the Eighth Amendment. *Douglas v. Schwartz-Oscar, et al.*, No. 20-3489, 2021 WL 6102971, at *2 (7th Cir. Dec. 22, 2021) (citing *Lord*, 952 F.3d at 905.) In *Douglas*, the district court granted summary judgment on the grounds that the plaintiff failed to present any evidence of a recoverable injury, reasoning that "the cuts were 'trivial' and 'superficial,' never required more than 'ointment and a band-aid,' and did not equate to a cognizable harm under *Lord v. Beahm*." *Id.* (internal citations omitted).

On appeal, the plaintiff in *Douglas* argued that "the district court glossed over a disputed material fact—the severity of his injury—by minimizing his cuts as superficial." *Id.* However, the Seventh Circuit reasoned that the plaintiff identified "nothing in the record to suggest that he suffered injuries that were more severe," explaining further that "[o]ur review of the record reflects that his physical injuries consisted of minor cuts and scratches treatable with band-aids and cream." Citing *Lord*, the Seventh Circuit concluded that "the district court properly entered summary judgment because "minor scratches" are not cognizable harms under the

6

Eighth Amendment. *Id.* (citing *Lord*, 952 F.3d at 905.). *Douglas* is analogous to Braithwaite's claim here and this case should be dismissed on similar grounds as set forth below.

*Douglas* is the most recent, but not the only Seventh Circuit decision to cite *Lord's* holding more broadly to varying factual scenarios. For instance, in *Fitzpatrick v. Nys*, 861 F. App'x 108, 111, 2021 WL 3161075 (7th Cir. 2021), the Seventh Circuit instructed that under *Lord*, a plaintiff "had to present evidence of 'an objectively serious medical need that a defendant correctional officer responded to with deliberate indifference, thereby resulting in some injury." Likewise, in *Redman v. Downs*, 854 F. App'x 736, 739, 2021 WL 1889749 (7th Cir. 2021), the Seventh Circuit cited *Lord* in reasoning that "even when jail staff respond unreasonably to such a condition, a detainee must prove that their conduct caused harm." *Id.* (citing *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020); *Lord*, 952 F.3d at 905 (risk from suicidality "not compensable without evidence of injury").

>   C. **The Seventh Circuit has broadly cited *Lord's* holding that risk must materialize into an actual injury in the context of medical deliberate indifference claims.**

In addition to *Lord's* broad holding in self-harm cases, Seventh Circuit has also cited *Lord's* holding in the context of claims alleging deliberate indifference to a serious medical condition. For example, in *Hill v. Sood*, No. 20-1502, 2021 WL 5492825, at *2 (7th Cir. Nov. 23, 2021), a deliberate indifference medical case, the 7th circuit cited *Lord* for the proposition that "to recover under section 1983, the risk must materialize into an actual injury." At issue in *Hill* was whether the Plaintiff's

medical providers ignored a risk of serious kidney problems. *Id.* Relying on *Lord*, the Seventh Circuit determined that "the eventual return of Hill's creatinine levels to the normal range and the absence of any physical signs of kidney damage defeat a claim for a compensable injury." *Id.* at *2 (citing *Lord*, 952 F.3d at 905).

Likewise, in *Steinke v. Krueger,* No. 21-2049, 2021 WL 5399873, at *2 (7th Cir. Nov. 18, 2021), a deliberate indifference medical case, the 7th Circuit determined that the Plaintiff's injuries—bruises and a strained neck did not create a serious medical need. Again, the Seventh Circuit relied on *Lord* in reasoning that fleeting discomfort, without evidence of exacerbated injuries or delayed healing, was not a compensable injury. *Id.*; *see also Reaves v. Riggs*, No. 20-3194, 2021 WL 4894488, at *2 (7th Cir. Oct. 20, 2021) (quoting *Lord* for the proposition that the Plaintiff had not shown "evidence of a recoverable injury."); *Henry v. Deshler*, No. 20-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021) ("None of the symptoms Henry identified – that he felt "sick and weird" were more serious or lasting than the minor cuts at issue in *Lord*.")

### D. *Lord* is consistent with Seventh Circuit case law governing other § 1983 claims.

*Lord's* holding requiring actual injury in a self-harm case is consistent with case law from other § 1983 claims. For instance, in the context of a conditions of confinement claim, where the plaintiff alleges the defendant delayed, rather than denied resolution of an extreme deprivation, the Seventh Circuit requires that the plaintiff present "verifying medical evidence" that the delay caused some harm. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019) (quoting

*Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) (*citing Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007).

## ARGUMENT

**II.     Braithwaite's claims fail as a matter of law because there is no evidence that he suffered a recoverable injury.**

The documentary evidence in this case establishes that on April 18, 2016, Braithwaite had a superficial abrasion for which he needed only a bandage from a nurse. Admitted into evidence at trial are the photograph taken of Braithwaite's left wrist and nurse Amy Gunderson's medical note regarding Braithwaite's superficial abrasion. (Dkt. 121; Ex. 109 at 2: Ex. 134.) Braithwaite's claims fail as a matter of law because "he has sued for damages under § 1983 and alleged a constitutional tort (an Eighth Amendment violation) without then developing evidence of a recoverable injury." [3] *Lord*, 952 F.3d at 905 (citations omitted).

Under *Lord,* the documentary evidence—the April 18, 2016 photo and medical record—are dispositive because they demonstrate that Braithwaite suffered only minor scratches that were quickly and easily treated with a bandage. Here, as in *Lord*, "we do not wade into [plaintiff's] credibility because, even viewing the evidence as he urges, he did not show that he experienced any cognizable harm. [Plaintiff's] physical injuries consisted only of minor scratches, quickly and easily treated with a

---

[3] Braithwaite filed another self-harm case after a similar incident on April 24, 2016, when he also gave himself superficial scratches. This case was dismissed when the district court revisited its earlier summary judgment decision after the Seventh's Circuit released its decision in *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). *Braithwaite v. Smelcer*, Case No. 18-CV-1507, Dkt. 59 (E.D. Wis. Dec. 8, 2020.)

gauze bandage." 952 F.3d at 905. Accordingly, judgment must be entered as a matter of law because "[plaintiff] (thankfully) did not hurt himself and that reality leaves nothing for a jury to decide." *Id.* at 903.

Additionally, Braithwaite's claim here is analogous to *Lord* because he "wanted to recover money damages solely for the risk to his life—a serious medical need—the defendant officers ignored by not immediately responding to his suicide threat." *Id.* at 905. During closing argument, Plaintiff's counsel repeatedly argued that because Mr. Braithwaite was committing self-harm, he was at risk of suicide. Plaintiff argued that "there was no hall of fame for suicide because all it takes is one time" and he asked a number of witnesses, including Captain Nathan Haynes and Nurse Donna Larson if they'd ever seen anyone "graduate from self-harm to suicide." Plaintiff's counsel argued that Plaintiff was lucky to be alive and that Plaintiff was simply "bad at committing suicide."

However, as *Lord* instructed, "that risk is not compensable without evidence of injury." *Id.* Accordingly, there is no evidence to support a verdict in favor of the Plaintiff at a second trial because his entire claim is based solely on the risk of suicide, rather than actual injury. *See EEOC*, 707 F.3d at 835. Thus, the Court may enter judgment as a matter of law because no rational jury could find in favor of the Plaintiff. *See id.* (citing *Bogan*, 644 F.3d at 572 (7th Cir. 2011)).

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that their motion for judgment as a matter of law pursuant to Rule 50(b) be granted and that Plaintiff's claims be dismissed with prejudice.

Dated: December 30, 2021

                                            Respectfully submitted by,

                                            JOSHUA L. KAUL
                                            Attorney General of Wisconsin

                                            <u>s/ Katherine C. Polich</u>
                                            KATHERINE C. POLICH
                                            Assistant Attorney General
                                            State Bar #1065796

                                            KEVIN L. GRZEBIELSKI
                                            Assistant Attorney General
                                            State Bar #1098414

                                            Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-7163
(608) 266-7234
(608) 294-2907 (Fax)
polichkc@doj.state.wi.us
grzebielskikl@doj.state.wi.us