UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOSHUA P. BRAITHWAITE,

    Plaintiff,

v.

MITCHELL BILLE et al.,

    Defendants.

Case No.: 17-CV-706

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' RENEWED RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff Joshua P. Braithwaite, by and through his counsel Cade Law Group LLC, hereby submits his brief in opposition to defendants' Rule 50(b) motion for judgment as a matter of law.

**INTRODUCTION**

Braithwaite asserts that Defendants Mitchell Bille, Gerrad Kibble and Ryan Hintz violated his Eighth Amendment rights when they failed to protect him against committing self-harm on April 18, 2016. After a three-day trial, Defendants argued their motion for a directed verdict, which this Court denied. The case was submitted to the jury for deliberations and on the second day of deliberations the jury determined it could not reach a unanimous decision. The Court declared a mistrial. Defendants requested the ability to renew their motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), which the Court granted.

Braithwaite sees no purpose in the Court granting the defendants' renewed motion for judgment as a matter of law considering the disputed facts that exist in the case. Such

disputes of fact are evident considering the jurors themselves were unable to reach a unanimous decision. Additionally, this is the third attempt by the Defendants – once upon denial of summary and again at trial for a directed verdict – to raise as relevant the case of *Lord v. Beahm,* 952 F.3d 903 (7th Cir. 2020) after the Court (and Braithwaite) repeatedly has disagreed with its application to this case.

## FACTUAL BACKGROUND

The allegations from Braithwaite against the Defendants include a violation of his Eighth Amendment rights by failing to protect him from engaging in self-harming behaviors while incarcerated at the Waupun Correctional Institution on April 18, 2016. *Dkt. 1:2-3.* The circumstances of this injury arose on the morning of April 18, 2016, when Braithwaite alerted Defendants Bille and Kibble that he was suicidal and wished to speak to someone connected with the prison's psychological services unit (hereafter "PSU"). *Id.* Braithwaite strongly asserts that Bille and Kibble did not stop at his cell nor seek any further information from him at that time. *Id.* Instead, Bille and Kibble ignored Braithwaite. *Id.* Braithwaite attempted again to talk to Bille and Kibble while they passed lunch trays later that morning. Neither officer stopped to discuss Braithwaite's concerns. Braithwaite saw Bille again and asked why no one has returned to help him get to the PSU after making the initial request that morning. *Id.* Again, Bille did not engage with Braithwaite.

There were several other attempts by Braithwaite to be escorted from his cell in order to connect with someone at the PSU based on the intercom call log. *Dkt. 121; Ex. 105.* The log shows a span of 29 minutes from when Braithwaite used his personal intercom at 10:51 AM to communicate that he was suicidal, to when he was finally removed from his cell. *Id.* Inmate Johnnie Wesley used his cell's intercom system at 11:00

AM to alert staff that "B106 is suicidal." *Id*. The third intercom call was made by Braithwaite who stated that he was affirmatively cutting himself at 11:10 AM. *Id*. It took Billie and Hintz an additional ten minutes to arrive to Braithwaite's cell. *Dkt 1: 2-3.* Braithwaite asserts that Hintz failed to protect him from self-harm by not coming to his cell to check on him during this time. *Id*.

At trial, testimony from Kyle Tritt and others confirmed that a suicidal inmate was one of, if not the most important events for staff to respond to. However, another equally important and time-consuming event includes a cell extraction, which was apparently what Hintz was called to do at the time Braithwaite made his 10:51 AM call. Despite this, the cell extraction was never documented in the sergeant's unit logbook, a handwritten book containing critically important details from the shift for the incoming sergeants to review. *Dkt. 121; Ex. 106.*

Braithwaite, in a suicidal state of mind, committed a self-injury during this window of time. *Dkt. 121; Ex. 134.*

## STANDARD OF REVIEW

Fed. R. Civ. P 50 permits a court to grant a motion for judgment as a matter of law when "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on [an] issue." *Tincher v. Wal-Mart Stores, Inc.,* 118 F.3d 1125, 1129 (7th Cir. 1997). Before a case is submitted to the jury, a party may move for a directed verdict under Rule 50(a); once a jury returns a verdict may a party move for a renewed judgment as a matter of law under Rule 50(b). Once a 50(b) motion has been asserted, the court must review the record as a whole to "determine whether the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict

3

Case 2:17-cv-00706-PP    Filed 01/13/22    Page 3 of 10    Document 127

when viewed in the light most favorable to the party against whom the motion is directed." *Erickson v. Wis. Dep't of Corr.,* 469 F.3d 600, 601 (7th Cir.2006) (quotation marks omitted). Since, in general, Rule 50 imposes "a high bar," a court will provide the nonmovant "the benefit of every interference while refraining from weighing [ ] the credibility of evidence and testimony. *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 601 (7th Cir. 2019). "Only if no rational jury could have found for the nonmovant may [the court] disturb the jury's verdict." *Id.*

## ARGUMENT

Defendants argue that *Lord v. Beahm* controls the outcome of this case because the Seventh Circuit has relied on its ruling in various other cases. Defendants fail to acknowledge that those cases either do not relate to self-harm, suicide, and mental illness in a similar way or are distinguishable. Because there are significant divergent features that exist among those cases, coupled with the fact that this Court has twice ruled against the application of *Lord* to this matter, this Court should yet again deny defendants' motion.

It is undisputed that Braithwaite brought his suit under § 1983, which creates a tort remedy for those injury by the deprivation of a constitutional right like the Eighth Amendment. *See Roe v. Elyea*, 631 F.3d 843, 863-64 (7th Cir. 2011). A recoverable injury, as defendants argue, is necessary for Braithwaite's suit to be successful. While true, defendants err in their assessment of Braithwaite's injury in the context of psychological, self-harm, and suicide driven harms. Additionally, because a jury did not render a verdict in favor of the defendants at trial, it is obvious that certain issues of fact remain that should not be disposed of at this juncture.

4
Case 2:17-cv-00706-PP    Filed 01/13/22    Page 4 of 10    Document 127

**I. The application of *Lord* to this case is inconsistent with the Seventh Circuit's prior use or is not illustrative to the facts of this case and Braithwaite has suffered a cognizable injury.**

This Court previously was uncomfortable relating the present case to *Lord* because Braithwaite's allegations did not include an insincere threat of suicide for the sole purpose of desiring attention. *Dkt. 66 at 13.* This is because Braithwaite underwent severe psychological distress and requested – on multiple occasions both orally and via the intercom system – to visit the PSU. Although the numerous oral requests Braithwaite made remain disputed, this Court found that a reasonable factfinder could conclude defendants ignored Braithwaite's request for help and acted with deliberate indifference. *Id.*

It is clearly established that "a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *O'Brien v. Indiana Dep't of Correction ex rel. Turner,* 495 F.3d 505, 508 (7th Cir. 2007) (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To establish a claim for damages, a "prisoner must provide evidence that he presented an objectively serious medical need that a defendant correctional officer responded to with deliberate indifference, thereby resulting in some injury." *Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020) (citing *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (*en banc*)). As the Seventh Circuit has repeatedly held, "suicide is an objectively serious medical condition." *Id.* As such, "prison officials cannot intentionally disregard a known risk that an inmate is suicidal." *Id.* (citing *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019) (collecting cases)).

Defendants are conflating two separate issues that this Court has twice now identified and rejected. A medical injury unrelated to psychological distress versus a self-

harm driven injury are analyzed differently when an inmate is attempting to evade discipline with insincere threats of self-harm. While it is true that a plaintiff may fail on their Eighth Amendment claims based on small lacerations, tiny abrasions, or minor scratches when rooted in a desire for attention or manipulation – absent of any psychological or suicidal impairments – courts historically have been slow to use of the *Lord* precedent as broadly as defendants claim. In support of their motion, defendants cite to a myriad of cases that attempt to show why *Lord's* holding should apply. However, this Court should consider that such cases have utilized *Lord* in a significantly distinguishable way to render it inapplicable here.

For example, defendants cite to *Fitzpatrick v. Nys* to support that *Lord* should be applied in a broader context. *Dkt. 126 at 7.* However, the *Fitzpatrick* court does not use *Lord* in an illustrative way, but rather used it twice to establish a rule statement. 861 F. App'x 108, 111 (7th Cir. 2021).[1] Further, the *Fitzpatrick* court ruled against the plaintiff in that case because there was evidence that the sergeant on duty actually did respond to the plaintiff's allegations of self-harm despite numerous unrelated emergencies happening simultaneously at the prison. *Id.* at 111. Highlighting that "no jury could conclude that [the sergeant] recklessly ignored [plaintiff's] condition," and that the sergeant "intervene[d] immediately upon learning that [plaintiff] had harmed himself," the

---

[1] "We turn now to the merits. To reach a jury on his claim of deliberate indifference, Fitzpatrick had to present evidence of 'an objectively serious medical need that a defendant correctional officer responded to with deliberate indifference, thereby resulting in some injury. *Lord v. Beahm,* 952 F.3d 902, 904 (7th Cir. 2020); *Petties v. Carter,* 836 F.3d 722, 727–28 (7th Cir. 2016) (en banc). The risk of suicide is an objectively serious medical condition, and it is well established that prisoners have the right to be free from deliberate indifference to such a risk while in custody. *Lord,* 952 F.3d at 904; *Lisle v. Welborn,* 933 F.3d 705, 716 (7th Cir. 2019) (collecting cases)."

6

*Fitzpatrick* court did not find the sergeant's actions to be ignorant of the plaintiff's welfare. *Id.* at 111-12.

Unlike the plaintiff in *Fitzpatrick*, defendants did not respond to Braithwaite despite his numerous, documented requests, as well as the requests of other inmates who were aware of the suicide attempt. No guard acted on his pleas for help; no guard came to his cell; and, no guard checked on him until he made an affirmative statement that he was engaging in self harm. Even after Braithwaite stated he was cutting himself, it took Billie and Hintz an additional ten minutes to arrive to Braithwaite's cell. Unlike the guard in *Fitzpatrick,* who aided to the plaintiff multiple times despite other prison emergencies occurring at the same time, the defendants here ignored Braithwaite until he began cutting himself. The actual failure to intervene is what distinguishes Braithwaite from *Fitzpatrick*.

Additionally, defendants cite to *Redman v. Downs*, 854 F. App'x 736 (7th Cir. 2021), in another attempt to apply *Lord* to this case. However, *Lord* was used in a string citation to support facts distinguishable from Braithwaite's. For example, the plaintiff there already was on suicide watch and sought PSU service several days earlier when he attempted to hang himself while showering under the guard's watch. *Id.* at 736-37. The plaintiff did not state or stress any suicidal feelings immediately before showering, nor did that plaintiff communicate a desire to see the PSU or mental health counselors on that day. *Id*. *Redman* is not comparable to Braithwaite. Braithwaite stressed his need to visit the PSU on the day of his injuries, waited patiently for the defendants to return to his cell, used his intercom system to make additional requests, had other inmates reach out, and yet was continually ignored.

Simply because the Seventh Circuit has used *Lord* as a means of establishing rule statements within cases does not automatically make it applicable here.

### II. Braithwaite suffered a materialized and recoverable injury to defeat defendants' renewed judgment as a matter of law.

Braithwaite is required to show that he suffered a recoverable injury to be successful. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)("In order to succeed in a § 1983 suit, a plaintiff must 'establish not only that a state actor violated his constitutional rights, but also that the violation caused the plaintiff injury or damages.' "); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("Section 1983 is a tort [and] [a] tort to be actionable requires injury.").

Defendants contend that Seventh Circuit cases have broadly cited *Lord's* holding to establish that risks must materialize into an actual injury under a medical deliberate indifference claim. *Defs' Br. at 7-8*. First, a majority of the cases cited to by defendants involve kidney problems,[2] strained necks and bruises,[3] and random sicknesses or delayed healing.[4] *Id*. None of those cases support defendants' position because each deal with injuries outside the scope of this case. This Court should reject any conceivable similarities considering the disputed fact in this case deal squarely with Braithwaite's *self-harm* related injury.

Additionally, Braithwaite was not attempting to manipulate the defendants or get superfluous attention. Instead, he persisted in his requests for help and employed the appropriate means of communicating his concerns. The materialization of an injury based on a suicidal ideation cannot be compared to a medical injury unrelated to any

---

[2] *Hill v. Sood*, No. 20-1502, 2021 WL 5492825, at *1 (7th Cir. Nov. 23, 2021); Dkt #126, at 7.
[3] *Steinke v. Krueger*, No. 21-2049, 2021 WL 5399873 at *2 (7th Cir. Nov. 18, 2021); Dkt #126, at 8.
[4] *Henry v. Deshler*, No. 20-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021); Dkt #126, at 8.

psychological impairment. It is undisputed that Braithwaite committed self-harm and used a sharp pen insert to cut his left wrist. *Dkt. 121, Ex. 134.*

Defendants cite to *Douglas v. Schwartz-Oscar* to support their position that trivial and superficial injuries are not cognizable for Braithwaite's claims. First, Braithwaite's injuries appear more severe than one needing a band aid. The photo taken of Braithwaite shows his skin red and swollen, with numerous pen marks indicating his intent to continue self-harming, and several open wounds on the skin that contain blood and pus. That alone is a cognizable injury under the Eighth Amendment and a jury should be allowed to decide for themselves whether or not Braithwaite's injury is sufficient.

Additionally, the significant difference between the inmate from *Douglas* and Braithwaite is the pervasive nature of that inmate to gain the attention of staff around him. No. 20-3489, 2021 WL 6102971, at *1 (7th Cir. Dec. 22, 2021). This included the inmate's demands, threats, experiments to gain attention, and various vindictive efforts at attempting suicide, similar actions to the plaintiff in *Lord*. *Id.* However, the facts surrounding Braithwaite's claims appear nothing like that. Braithwaite, despite dealing with suicidal feelings and emotions, used positive communication techniques to alert the proper staff. Braithwaite spoke directly with Bille and Kibble by telling them exactly what was wrong, used his intercom system to express his suicidal feelings, and had support of a fellow inmate who also called on Braithwaite's behalf. Because of defendants' deliberate indifference, Exhibit 134 depicts a more severe injury (and an injury that likely would have been much worse based on the numerous pen marks and swollen skin) than one requiring a simple band aid. Exhibit 134 is the exact evidence in the record that points toward a cognizable injury. That evidence, paired with the deliberate indifference and lack of

diligent response by the defendants, should allow Braithwaite to bring this claim to another jury.

The role of the Court in deciding this motion is not to weigh credibility, but rather to grant all inferences to the benefit of the party opposing the motion. Here, that party is Braithwaite. Disputed inferences exist between whether defendants ignored Braithwaite's requests for help and, because that allows for a legally sufficient evidentiary basis for a reasonable jury to return a verdict in Braithwaite's favor, this Court should deny defendants' renewed motion for judgment as a matter of law. The proper course of action would be to allow another jury to hear the triable issues and render a verdict in this case.

Given the record and the fact that the original jury selected for this case was unable to reach a verdict one way or another, this Court should find that a rational jury could conclude that the defendants harmed Braithwaite's health through their lack of timely response which resulted in Braithwaite's materialized injury.

## CONCLUSION

For the reasons articulated herein, Plaintiff respectfully requests this Court to **DENY** defendants' motion for judgment as a matter of law pursuant to Rule 50(b).

Dated this 13th day of January, 2022.　　**CADE LAW GROUP LLC**

By: *s/ Annalisa Pusick*
　　Nathaniel Cade, Jr. SBN:1028115
　　Annalisa Pusick SBN: 1116379
　　P.O. Box 170887
　　Milwaukee, WI  53217
　　(414) 255-3802 (phone)
　　(414) 255-3804 (fax)
　　nate@cade-law.com
　　annalisa@cade-law.com
　　Attorneys for Plaintiff