IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOSHUA P. BRAITHWAITE,

    Plaintiff,

v.                                  Case No. 17-CV-706

MITCHELL BILLE ET AL,

    Defendants.

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR RENEWED RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants, by their attorneys, submit this reply brief in support of their Rule 50(b) motion for judgment as a matter of law.

## INTRODUCTION

Mr. Braithwaite's claims that Defendants Mitchell Bille, Gerrad Kibble, and Ryan Hintz failed to protect him from committing self-harm must be dismissed as a matter of law because Mr. Braithwaite does not have a recoverable injury. The undisputed medical evidence in this case demonstrates that Plaintiff had only a superficial abrasion after threatening to harm himself on April 18, 2016. Under controlling Seventh Circuit precedent, a superficial abrasion is not a recoverable injury in a 42 U.S. § 1983 case. Accordingly, Defendants respectfully request that this Court dismiss Plaintiff's claims with prejudice.

## ARGUMENT

## I. Superficial injuries are not a cognizable harm in a 42 U.S. § 1983 case regardless of whether a plaintiff is genuinely suicidal.

Plaintiff's claims against Defendants fail as a matter of law because they are premised solely on the risk of harm from suicidal ideation, rather than physical harm. The Seventh Circuit's decision in *Lord v. Beahm*, 952 F.3rd 902, 905 (7th Cir. 2020), instructed that the risk of suicide is not compensable without evidence of injury. As set forth in Defendant's opening brief, the Seventh Circuit's recent decisions citing *Lord* establish that a superficial cut, such as the one Braithwaite had here, is not a compensable injury in a self-harm case (or any other type of section 1983 case).[1] This guidance from the Seventh Circuit was not available when the Court originally denied Defendants' summary judgment motion, but in light of this new authority, Plaintiff's claims must be dismissed as a matter of law.

Under *Lord*, it is the extent of plaintiff's injury, rather than the circumstances surrounding a threat of self-harm, that is determinative of whether there is evidence of a constitutional violation in a failure to protect case. *See, e.g., Douglas v. Schwartz-Oscar, et al.,* No. 20-3489, 2021 WL 6102971, at *2 (7th Cir. Dec. 22, 2021) (citing *Lord*, 952 F.3d at 905.) This rule has been broadly applied, rather than limited to the specific circumstances under which Lord made insincere suicide threats.

For example, in *Redman v. Downs*, 854 F. App'x 736, 2021 WL 1889749 (7th Cir. 2021), the plaintiff was on suicide watch for six days before he hanged himself in the shower. The plaintiff was revived, but not given medical attention for days. *Id.*

---

[1] Plaintiff's response materials provide no legal authority to the contrary.

The *Redman* court relied on *Lord* in reasoning that "even when jail staff respond unreasonably to such a condition, a detainee must prove that their conduct caused harm." *Id.* (citing *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020); *Lord*, 952 F.3d at 905 (risk from suicidality "not compensable without evidence of injury")). Thus, *Redman* remanded for further fact-finding on the question of whether any defendant's conduct was objectively unreasonable "and the related issue of whether any defendant's conduct caused harm to Redman—in the first instance." *Id.* at 739.

## II. The *Lord* rule protects inmates from self-harm while also disincentivizing the use of self-harm to manipulate.

The *Lord* rule—that a superficial or trivial injury is not a cognizable harm—reconciles two competing considerations in cases involving threats of self-harm by inmates. 952 F.3d at 904-05. Prison guards are tasked with the important responsibility of protecting suicidal inmates, however inmates use threats of self-harm as a way to manipulate staff, create disruptions, or set up lawsuits.[2] *Id.* Under *Lord*, Prison guards must protect inmates from serious injury and suicide, but there is less incentive for inmates to use trivial or superficial self-inflicted injuries to manipulate either prison guards or the legal system.

*Lord's* holding avoids credibility determinations, by focusing the analysis in a self-harm case on objective medical harm, rather than subjective feelings and emotions. *Fitzpatrick v. Nys*, 861 F. App'x 108, 111, 2021 WL 3161075 (7th Cir. 2021) (analyzing the objective medical evidence of plaintiff's superficial injury in

---

[2] *See* Ex. 111 at p.2.

determining that the defendant did not ignore a genuine risk of suicide.)[3] Indeed, the Seventh Circuit's reliance on *Lord* in medical deliberate indifference cases illustrates how the seriousness of a plaintiff's injury—whether in a self-harm case or a medical deliberate indifference case—can be determined by the sufficiency of the objective medical evidence. *See, e.g., Henry v. Deshler*, No. 20-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021) ("None of the symptoms Henry identified – that he felt "sick and weird" were more serious or lasting than the minor cuts at issue in Lord.") Just as there is no need for a subjective analysis of whether a plaintiff was really feeling sick in a medical case, there is no need for a subjective analysis of whether a plaintiff was genuinely feeling suicidal in a self-harm case.

In contrast, focusing the analysis on the circumstances surrounding an inmate's threat of self-harm, rather than actual physical harm, would require a credibility determination into whether an inmate was genuinely feeling suicidal. For example, in this case Mr. Braithwaite argues that he was genuinely suicidal and seeking help. (Dkt. 127:8-9.) However, Mr. Braithwaite has a well-documented history of using threats of self-harm to manipulate staff so he can get what he wants, whether that's a visit with a female psychologist or grounds to file a lawsuit. (*See* Ex. 110:15-16; Ex. 111:2.) Indeed, on the day of the incident, Mr. Braithwaite accepted his lunch try and ate his cornbread despite claiming to have been suicidal all morning. (Ex. 111:2.)

---

[3] Plaintiff's argument that *Fitzpatrick* was decided on the basis of the defendant's reasonable response to plaintiff's threats (dkt. 6-7) is contradicted by the Seventh Circuit's decision in *Redman v. Downs*, 854 F. App'x 736, 739, 2021 WL 1889749 (7th Cir. 2021), discussed in Section I *supra*..

4

If the seriousness of Mr. Braithwaite's injury is omitted from the analysis, then there would be a disputed fact regarding whether Mr. Braithwaite was genuinely suicidal. This would encourage, rather than discourage, insincere threats of self-harm because inmates could create a disputed fact by saying they were genuinely at risk of suicide without demonstrating objective harm. An inquiry focused solely on whether a plaintiff was genuinely suicidal would then also contravene *Lord's* instruction that the risk of suicide is not compensable without evidence of injury. *Id.* at 905.

A better framework for applying *Lord* includes consideration of the factual circumstances of the threat as either: (1) evidence supporting that the Plaintiff was insincere; or (2) evidence supporting that Plaintiff was sincere, but the defendants acted reasonably. For example, not only did Mr. Braithwaite have only a superficial abrasion, but he has a history of making insincere threats, ate his lunch on the morning he claims to have been suicidal, and threatened to file a lawsuit only days later. (*See* Ex. 110:15-16; Ex. 111:2.) Thus, the circumstances provide further evidence that Mr. Braithwaite was not genuinely suicidal in addition to the critical fact he was not seriously injured. Likewise, if Mr. Braithwaite was genuinely suicidal, then Defendants acted reasonably by removing him from his cell before he suffered serious harm.[4]

This framework is also consistent with the damages instruction given in this case, that any compensatory damages for emotional distress start from the point at which the plaintiff harmed himself. Thus, even if the plaintiff had genuine emotional

---

[4] Plaintiff argues that his injuries "would have been much worse" had Defendants' not stopped him from cutting himself. (Dkt. 127:9.)

distress from feeling suicidal prior to being removed from his cell, those feelings are not compensable without injury. This is consistent with the *Lord* rule, which states that there can be no claim for the risk of suicide without injury.

### III. The medical evidence demonstrates that Mr. Braithwaite had only a superficial abrasion on April 16, 2018.

As set forth in Defendants' opening brief, the undisputed documentary evidence in this case—the April 16, 2018 photograph and medical note—demonstrate that Mr. Braithwaite had only a superficial abrasion. (Dkt. 121; Ex. 109 at 2: Ex. 134.) Here, as in *Lord* and *Douglas*, the Plaintiff has pointed to nothing in the record to demonstrate that his cut was more severe than a 1-2cm superficial abrasion that was treated with a bandage. *Douglas v. Schwartz-Oscar, et al.*, No. 20-3489, 2021 WL 6102971, at *2 (7th Cir. Dec. 22, 2021) (citing *Lord*, 952 F.3d at 905.)

Plaintiff relies on his counsel's closing argument, that the photograph shows redness, swelling, and several open wounds with blood and pus. (Dkt. 127:9.) However, counsel's closing argument is not evidence. *JI-Civil* 1.06. Plaintiff did not have an expert witness and the only medical provider that testified, nurse Donna Larson, testified that the photograph was a superficial injury consistent with nurse Amy Gunderson's medical note.

Accordingly, there is no evidence to support a verdict in favor of the Plaintiff at a second trial because his entire claim is based solely on the risk of suicide, rather than actual injury. *See EEOC v. AutoZone, Inc.*, 707 F.3d. 824, 835 (7th Cir. 2013). Thus, the Court may enter judgment as a matter of law because no rational jury could

6

Case 2:17-cv-00706-PP    Filed 01/28/22    Page 6 of 7    Document 129

find in favor of the Plaintiff. *See id.* (citing *Bogan v. City of Chi.*, 644 F.3d 563, 572 (7th Cir. 2011)).

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that their motion for judgment as a matter of law pursuant to Rule 50(b) be granted and that Plaintiff's claims be dismissed with prejudice.

Dated: January 28, 2022

Respectfully submitted by,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Katherine C. Polich
KATHERINE C. POLICH
Assistant Attorney General
State Bar #1065796


KEVIN L. GRZEBIELSKI
Assistant Attorney General
State Bar #1098414

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-7163
(608) 266-7234
(608) 294-2907 (Fax)
polichkc@doj.state.wi.us
grzebielskikl@doj.state.wi.us