UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA P. BRAITHWAITE,

                        Plaintiff,

        v.                                                Case No. 17-cv-706-pp

MITCHELL BILLE, GERRARD KIBBEL,
and RYAN HINTZ,

                        Defendants.

**ORDER GRANTING DEFENDANTS' RENEWED RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW (DKT. NO. 125) AND DISMISSING CASE**

Plaintiff Joshua Braithwaite, who is confined at the Wisconsin Resource Center, filed a complaint alleging that the defendants violated the Eighth Amendment by failing to prevent him from harming himself. Dkt. No. 1. On August 20, 2020, the court granted in part and denied in part the defendants' renewed motion for summary judgment. Dkt. No. 66. The court recruited counsel to represent the plaintiff *pro bono*[1] and a jury trial commenced on November 29, 2021. Dkt. No. 68; Dkt. No. 123 at 1 (Court Minutes). The jurors could not reach unanimous decision and on December 2, 2021, the court declared a mistrial. Dkt. No. 123 at 13. After the mistrial, the defendants asked to renew their motion for directed verdict and the court set a briefing schedule. Id. The defendants have filed their renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). Dkt. No. 125. The court grants the motion.

---

[1] Attorneys Nate Cade and Annalisa Pusick represented the plaintiff at trial. The court greatly appreciates their willingness to take the case and thanks them for their service.

1

## I. Standard of Review

Rule 50(a)(2) of the Federal Rules of Civil Procedure provides: "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitled the movant to the judgment." If the court does not grant a Rule 50(a) motion, the movant may renew the motion within twenty-eight days after the entry of judgment, or if the motion addresses a jury issue not decided by a verdict, no later than twenty-eight days after that jury was discharged. Fed. R. Civ. P. 50(b). If the jury does not return a verdict, a court ruling on the renewed motion may order a new trial or direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b)(2), (3).

A court should consider a timely Rule 50(b) motion on issues that have been adequately preserved even though it has declared a mistrial. Petit v. City of Chi., 239 F. Supp. 2d 761, 766 (N.D. Ill. 2002) (citing Evanston Hospital Corp. v. Astra Pharm. Prods., Inc., No. 90 C 3610, 1992 WL 220607, at *1 (N.D. Ill. Sept. 3, 1992)). The court must consider whether a rational jury could return a verdict for the nonmovant and, if it could, it must deny the motion. Fed. R. Civ. P. 50(a)(1); Passananti v. Cook Cty., 689 F.3d 655, 659 (7th Cir. 2012); Mathur v. Bd. of Trustees of S. Ill. Univ., 207 F.3d 983, 941 (7th Cir. 2000). The court must view the evidence presented at trial in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Martin v. Milwaukee Cty., 904 F.3d 544, 550 (7th Cir. 2018).

## II. Discussion

The defendants argue that the court must dismiss the plaintiff's claims as a matter of law because the undisputed documentary evidence in this case—the April 16, 2018 photograph and medical note—demonstrate that the plaintiff

2

had only a superficial abrasion and therefore that he cannot prove that he suffered a recoverable injury. Dkt. No. 126 at 1, 9. The defendants argue that under Lord v. Beahm, 952 F.3d 902 (7th Cir. 2020), as well Seventh Circuit cases that have applied Lord, a superficial cut is not an actionable injury in a constitutional tort case. Dkt. No. 126 at 1-2.

The plaintiff responds that Lord, and the cases that have applied Lord, are distinguishable from the facts of his case. Dkt. No. 127 at 5-7. The plaintiff states that "[w]hile it is true that a plaintiff may fail on [his] Eighth Amendment claims based on small lacerations, tiny abrasions, or minor scratches when rooted in a desire for attention or manipulation—absent of any psychological or suicidal impairments—courts historically have been slow" to apply Lord as broadly as the defendants claim. Id. at 6. The plaintiff argues that he wasn't trying to manipulate the defendants or get attention; he insists that he was asking for help and using the appropriate means for doing so, and he says that suicidal ideation manifesting as self-harm is not comparable to minor injuries unrelated to psychological impairment. Id. at 8. He also contends that he suffered a "materialized and recoverable injury" because it is undisputed that he committed self-harm and used a sharp pen insert to cut his left wrist. Id. at 8-9. According to the plaintiff, the photo shows his skin red and swollen, with numerous pen marks indicating his intent to continue self-harming, and several open wounds on the skin that contain blood and pus; he asserts that this alone is a cognizable injury under the Eighth Amendment and that "the jury should be allowed to decide for themselves whether or not Braithwaite's injury is sufficient." Id. at 9. The plaintiff maintains that the photograph of the plaintiff's injury, paired with the defendants' alleged deliberate indifference and

their lack of diligent response, should allow the plaintiff to bring this claim to another jury. Id. at 9-10.

After the completion of briefing on their motion for summary judgment, the defendants filed a Notice of Supplemental Authority regarding the Lord opinion. Dkt. No. 57. They did not include any argument, other than stating that the case was relevant to the analysis in their principal brief at pages 16-24. Id. In those pages from their principal brief, the defendants argued in part that they did not know the plaintiff was suicidal and that, even if they did, the "tiny scratch on his arm was not an objectively serious risk of harm" to the plaintiff. Dkt. No. 33 at 16. At summary judgment, the defendants provided the court with the plaintiff's medical records which reflected that Nurse Gunderson had treated the plaintiff for cutting himself on his left arm. Dkt. No. 66 at 4-5. The record describes a "superficial abrasion on his left arm measuring about 1 centimeter x 0.2 centimeter." Id. at 5. According to the medical records, there was no active bleeding or sign/symptom of infection, and the abrasion was cleaned and covered with a bandage so the skin was protected from possible infection. Id. The nurse noted in the medical records that no follow up was needed and that the plaintiff could remove the bandage in two days. Id. The plaintiff filed a supplemental affidavit in which he averred that he "disagreed" with the size of the measurement of his injury as described in the medical record, stated that he thought it was bigger than that and stated that he would testify about the injury. Id. At summary judgment, the court did not have a photograph of the plaintiff's injury.

In its decision denying the defendants' motion for summary judgment as to defendants Bille, Kibbel and Hintz, the court distinguished Lord and stated that unlike Lord, the plaintiff's case was not a "clear instance of an insincere

4

suicide threat from an inmate wanting nothing more than attention." Dkt. No. 66 at 13 (citing <u>Lord</u>, 952 F.3d at 905). The court stated that if the plaintiff's allegations were true, a factfinder could conclude that the defendants acted with deliberate indifference. Dkt. No. 66 at 13-14. The court acknowledged that the parties disagreed as to the characterization of the plaintiff's injury to his arm and that the plaintiff had asserted that he had been in severe psychological distress. <u>Id.</u> at 13, 17.

At trial, in addition to the plaintiff's medical records, the defendants introduced into evidence a photo of the plaintiff's injury. Dkt. No. 121 (Exhibit List), Ex. 134. The plaintiff now contends that his injury is cognizable under the Eighth Amendment and that "a jury should be allowed to decide for themselves whether or not [his] injury is sufficient." <u>Id.</u> at 9. The plaintiff has cited no authority from the Seventh Circuit or elsewhere supporting the proposition that whether an injury is cognizable for Eighth Amendment purposes is a question of fact for a jury to decide. In contrast to what the court had before it at summary judgment, the court now has not only the nurse's description of the injury and its treatment, but the photograph of the plaintiff's arm. Contrary to the plaintiff's contention, his physical injury, which the photograph confirms consisted of superficial skin abrasions and the nurse's notes show was treatable with a bandage and cream, was not a cognizable physical injury. <u>See</u> <u>Lord</u>, 952 F.3d at 905 ("few minor scratches" on forearm from razor blade treated with a gauze bandage were "trivial—indeed, almost nonexistent"); <u>Douglas v. Schwartz-Oscar</u>, No. 20-3489, 2021 WL 6102971, at *2 (7th Cir. Dec. 22, 2021) (physical injuries from self-harming that consisted of minor cuts and scratches treatable with band-aids and cream not cognizable harms under the Eighth Amendment); <u>Artis v. Price</u>, No. 19-cv-303-wmc, 2021

WL 4086208, at *5-*6 (W.D. Wis. Sept. 8, 2021) (three pea-sized skin tears to self-harming inmate's forearm that required some cleaning, a band-aid and no follow-up care not cognizable harm under the Eighth Amendment).

Nor did the plaintiff present any evidence at trial that he suffered any other type of injury from the incident. The court has reviewed the plaintiff's trial testimony and the closing arguments; he presented no evidence that he suffered any psychological harm. As a matter of law, the plaintiff's claim "fails on the basic proposition that he has sued for damages under §1983 and alleged a constitutional tort (an Eighth Amendment violation) without then developing evidence of a recoverable injury." Lord, 952 F.3d at 905 (citations omitted). The plaintiff may not recover damages solely for a risk to his life because such a risk is not compensable without evidence of injury. Id. While the parties dispute the sincerity of the plaintiff's suicide threats, the court need not "wade into [the plaintiff's] credibility because, even viewing the evidence as he urges, he did not show that he experienced any cognizable harm." Lord, 952 F.3d at 905. See also, Jackson v. Jackson, No. 20-2705, 2021 WL 4955616, at *2 (7th Cir. Oct. 26, 2021) (even viewing evidence as inmate proposed, he did not show he experienced any cognizable harm; inmate was not attacked after he was denied protective custody, and he supplied no evidence that he suffered any psychological harm because of being denied protective custody).

During a four-day trial, the plaintiff did not present evidence of a recoverable injury. Without evidence of a recoverable injury, another jury's determinations as to whether the plaintiff sincerely meant to harm himself or whether the defendants were deliberately indifferent or delayed getting to him are irrelevant. The court will grant the defendants' renewed motion and dismiss the case.

6

### III.    Conclusion

The court **GRANTS** the defendants' renewed Rule 50 motion for judgment as a matter of law. Dkt. No. 125.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th day of April, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**