IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOSHUA P. BRAITHWAITE,

    Plaintiff,

v.                                      Case No. 17-CV-706

MITCHELL BILLE ET AL,

    Defendants.

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. 132)

Defendants, by and through their attorneys, hereby submit their response in opposition to Plaintiff's motion for relief from judgment (Dkt. 132).

## INTRODUCTION

Plaintiff Joshua Braithwaite filed a complaint alleging that the defendants violated the Eighth Amendment by failing to prevent him from harming himself. (Dkt. 1.) On August 20, 2020, the Court granted in part and denied in part the Defendants' renewed motion for summary judgment. (Dkt. 66.) The Court recruited counsel to represent the plaintiff *pro bono* and a jury trial commenced on November 29, 2021. (Dkt. 68; Dkt. 123:1.) The jurors could not reach unanimous decision and on December 2, 2021, the Court declared a mistrial. (Dkt. 123:13.) After the mistrial, Defendants filed a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) (dkt. 125), which the Court granted. (Dkt. 130.)

In reaching its decision granting Defendants motion for judgment as a matter of law, the Court reviewed the Plaintiff's trial testimony and exhibits, and determined that during a four-day trial, the plaintiff did not present evidence of a recoverable injury. (Dkt. 130:6.) The Court reasoned that "without evidence of a recoverable injury, another jury's determinations as to whether the plaintiff sincerely meant to harm himself or whether the defendants were deliberately indifferent or delayed getting to him are irrelevant." (*Id.*)

Plaintiff has now filed a motion for relief from judgment or order. (Dkt. 132.) The Plaintiff's motion makes three main arguments: (1) the medical record does not accurately reflect the extent of his injury; (2) Defendants were not credible in their trial testimony; and (3) his *pro bono* trial counsel was ineffective. (Dkts. 132, 133, 136.) Plaintiff's motion must be denied because: (1) Plaintiff's dispute regarding the documentary evidence repeats arguments already made at trial and in post-trial briefing; (2) the Court's decision as a matter of law was based on Plaintiff's failure to present any evidence of injury, not a credibility determination regarding Defendants' testimony; (3) a civil plaintiff is not entitled to a new trial based on an argument that his counsel was ineffective.

Accordingly, for the reasons set forth herein, Defendants respectfully request that this Court deny the Plaintiff's motion for relief from judgment or order.

## ARGUMENT

**I. Plaintiff's motion for relief from judgment must be denied because he cannot satisfy the requirements of Fed. R. Civ. P. 56(e).**

**A. No new evidence or manifest error**

Plaintiff's motion must be denied because he has failed to demonstrate either: (1) that the court committed a manifest error of law or fact; or (2) that newly discovered evidence precludes entry of judgment. *See, e.g., Cincinnati Life Insurance Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *see also* Fed. R. Civ. P. 56(e). The documentary evidence in this case—the April 16, 2018 photograph and medical note—demonstrate that Plaintiff had only a superficial abrasion. (Dkt. 121; Ex. 109 at 2: Ex. 134.) Accordingly, this Court granted judgment as a matter of law because under *Lord v. Beahm*, 952 F.3rd 902, 905 (7th Cir. 2020), a superficial abrasion is not a recoverable injury in a 42 U.S. § 1983 case. (Dkt. 130.)

In his current motion, Plaintiff argues that he disagrees with the characterization of his injury as superficial. However, Plaintiff made this argument at trial and in his post-trial briefing. In response, Defendants have already argued that "the only medical provider that testified, nurse Donna Larson, testified that the photograph was a superficial injury consistent with nurse Amy Gunderson's medical note." (Dkt. 129:6.) The Court has already considered these arguments in granting Defendants' motion for judgment as a matter of law.

Plaintiff's arguments are not new evidence, nor do they demonstrate that the Court committed a manifest error of law or fact in granting Defendants' motion for judgment as a matter of law. Indeed, it would be error to adopt the Plaintiff's characterization of his injury, which is contradicted by the entire evidentiary record. *Scott v. Harris*, 550 U.S. 372, 6 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no

3

reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment.")

### B. Witness Credibility

Plaintiff appears to argue that Defendants were not credible at trial and could be impeached with their discovery responses. In support of this argument, he attaches discovery responses, highlighting portions that he claims are not consistent with their trial testimony. However, the Court did not base its decision on the credibility of Defendants' testimony. Instead, the Court based its decision on the Plaintiff's failure to present any evidence of his own injury. (Dkt. 130:6.) The Plaintiff's arguments regarding Defendants' credibility are not relevant to the Court's decision on Defendants' motion for judgment as a matter of law.

Additionally, Plaintiff's arguments regarding Defendants' credibility are unpersuasive. Defendants' interrogatory responses that they do not recall observing the Plaintiff actively committing self-harm or bleeding when they took him out of his cell are consistent with both the nurse's note and the photograph of Mr. Braithwaite's superficial abrasion. The photograph shows a scratch with no active bleeding and the nurses note similarly says that the Plaintiff had a superficial 1 cm abrasion. (Dkt. 126:3-4.)

### C. Ineffective Assistance of Counsel

Even if Plaintiff obtained different counsel, it would not change the outcome of the litigation because the incontrovertible evidence in this case—Plaintiff's medical records and the photograph of his superficial abrasion—demonstrate that

Defendants are entitled to judgment as a matter of law under Seventh Circuit Precedent.

In arguing for a second trial, Plaintiff alleges that he received ineffective assistance of counsel. (Dkt. 132:3, 136:1.) Plaintiff claims his counsel should have done a better job impeaching the credibility of witnesses and should have kept the photograph of his injury out of evidence.[1] *Id.* But a civil litigant has no constitutional right to counsel, let alone effective assistance of counsel. *Wolfolk v. Rivera*, 729 F.2d 1114, 1119–20 (7th Cir. 1984). It follows that ineffective assistance of counsel is not a basis for altering or setting aside a judgment under Rule 59. *See Dupree v. Laster*, 389 F. App'x 532, 534 (7th Cir. 2010) ("[T]here is no Sixth-Amendment right to effective assistance of counsel in a civil case, so [plaintiff's] dissatisfaction with counsel's performance does not warrant a new trial."); *see also Stanciel v. Gramley*, 267 F.3d 575, 580–81 (7th Cir. 2001).

If Plaintiff had issues with his representation, nothing was stopping him from asking recruited counsel to withdraw and representing himself. *Cty., Mun. Emps.' Supervisors' & Foremen's Union Local 1001 v. Laborers' Int'l Union*, 365 F.3d 576, 579 (7th Cir. 2004) ("[A]n attorney must withdraw from the representation as soon as the client so instructs."). If Plaintiff had wanted to represent himself at trial, he should have brought that issue to the Court's attention at that time, not in a post-trial motion.

# CONCLUSION

Accordingly, for the reasons set forth herein, Defendants respectfully request that this Court deny Plaintiff's motion for relief from judgment.

Dated: August 12, 2022

    Respectfully submitted by,

        JOSHUA L. KAUL
        Attorney General of Wisconsin

        s/ Katherine C. Polich
        KATHERINE C. POLICH
        Assistant Attorney General
        State Bar #1065796

        KEVIN L. GRZEBIELSKI
        Assistant Attorney General
        State Bar #1098414

        Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-7163
(608) 266-7234
(608) 294-2907 (Fax)
polichkc@doj.state.wi.us
grzebielskikl@doj.state.wi.us

---

[1] Plaintiff's argument regarding *pro bono* counsel's failure to keep relevant evidence out of the case actually supports Defendants' argument that the photograph of Plaintiff's superficial abrasion is conclusive evidence regarding the extent of his alleged injuries.