UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA P. BRAITHWAITE,

           Plaintiff,

v.                                                 Case No. 17-cv-706-pp

MITCHELL BILLE, GERRARD KIBBEL,
and RYAN HINTZ,

           Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 132)**

       The plaintiff has filed a motion for relief from the court's April 27, 2022, order granting the defendants' renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b).[1] Dkt. No. 132. In support of the motion, the plaintiff contends that the parties did not prove the authenticity of certain evidence at trial, that a second jury trial should be held to determine the issues in this case, and that his lawyers were ineffective because they refused to listen to the plaintiff's objection to the photograph of his injury and failed to question the credibility of the defendants' witnesses, which resulted in

---

[1] The plaintiff drafted and filed the motion himself, and the day after he filed it, his court-recruited lawyers filed a motion to withdraw from the case, which the court granted. Dkt. Nos. 134, 135. Because the plaintiff had lawyers when he filed his motion for relief and because his lawyers did not sign the motion, the court has the authority to strike the motion unless the plaintiff corrects it. See Fed. R. Civ. P. 11(a). Because the plaintiff's lawyers moved to withdraw from the case about the same time the plaintiff filed the motion, however, the court will address the motion on the merits. See Luera v. Lyerla, No. 3:15-CV-00350-MAB, 2019 WL 4750569, at *6 (S.D. Ill. Sept. 30, 2019).

1

prejudice. Dkt. No. 132 at 1-3. The plaintiff filed a supplement to the motion in which he asks the court to hold the defendants and their lawyers in contempt and to grant him summary judgment. Dkt. No. 133. Almost two months after the plaintiff filed his motion for relief, he filed a brief in support of the motion, in which he reiterates that his court-recruited lawyers were ineffective. Dkt. No. 136 at 1-2. The court ordered the defendants to file a response to the motion and supporting brief, which they did. Dkt. Nos. 137, 144. The plaintiff has filed a reply. Dkt. No. 146. The motion is fully briefed.

The plaintiff both requests a new trial and asks the court to grant him summary judgment. Federal Rule of Civil Procedure 59(a) gives a district court the authority to grant a party's motion for a new trial. "A new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." Venson v. Altamirano, 749 F.3d 641, 656 (7th Cir. 2014). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not identify any newly-discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A

2

"manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The court granted the defendants' motion for judgment as a matter of law because the plaintiff did not present evidence of a recoverable injury at trial. Dkt. No. 130 at 6. The court explained:

> At trial, in addition to the plaintiff's medical records, the defendants introduced into evidence a photo of the plaintiff's injury. Dkt. No. 121 (Exhibit List), Ex. 134. The plaintiff now contends that his injury is cognizable under the Eighth Amendment and that "a jury should be allowed to decide for themselves whether or not [his] injury is sufficient." Id. at 9. The plaintiff has cited no authority from the Seventh Circuit or elsewhere supporting the proposition that whether an injury is cognizable for Eighth Amendment purposes is a question of fact for a jury to decide. In contrast to what the court had before it at summary judgment, the court now has not only the nurse's description of the injury and its treatment, but the photograph of the plaintiff's arm. Contrary to the plaintiff's contention, his physical injury, which the photograph confirms consisted of superficial skin abrasions and the nurse's notes show was treatable with a bandage and cream, was not a cognizable physical injury. See Lord, 952 F.3d at 905 ("few minor scratches" on forearm from razor blade treated with a gauze bandage were "trivial—indeed, almost nonexistent"); Douglas v. Schwartz-Oscar, No. 20-3489, 2021 WL 6102971, at *2 (7th Cir. Dec. 22, 2021) (physical injuries from self-harming that consisted of minor cuts and scratches treatable with band-aids and cream not cognizable harms under the Eighth Amendment); Artis v. Price, No. 19-cv-303-wmc, 2021WL 4086208, at *5-*6 (W.D. Wis. Sept. 8, 2021) (three pea-sized skin tears to self-harming inmate's forearm that required some cleaning, a band-aid and no follow-up care not cognizable harm under the Eighth Amendment).
>
> Nor did the plaintiff present any evidence at trial that he suffered any other type of injury from the incident. The court has reviewed the plaintiff's trial testimony and the closing arguments;

3

> he presented no evidence that he suffered any psychological harm. As a matter of law, the plaintiff's claim "fails on the basic proposition that he has sued for damages under §1983 and alleged a constitutional tort (an Eighth Amendment violation) without then developing evidence of a recoverable injury." Lord, 952 F.3d at 905 (citations omitted). The plaintiff may not recover damages solely for a risk to his life because such a risk is not compensable without evidence of injury. Id. While the parties dispute the sincerity of the plaintiff's suicide threats, the court need not "wade into [the plaintiff's] credibility because, even viewing the evidence as he urges, he did not show that he experienced any cognizable harm." Lord, 952 F.3d at 905. See also, Jackson v. Jackson, No. 20-2705, 2021 WL 4955616, at *2 (7th Cir. Oct. 26, 2021) (even viewing evidence as inmate proposed, he did not show he experienced any cognizable harm; inmate was not attacked after he was denied protective custody, and he supplied no evidence that he suffered any psychological harm because of being denied protective custody).
>
> During a four-day trial, the plaintiff did not present evidence of a recoverable injury. Without evidence of a recoverable injury, another jury's determinations as to whether the plaintiff sincerely meant to harm himself or whether the defendants were deliberately indifferent or delayed getting to him are irrelevant. The court will grant the defendants' renewed motion and dismiss the case.

Dkt. No. 130 at 5-6.

In support of his motion for relief from the court's judgment, the plaintiff primarily takes issue with decisions his lawyers made during the trial, and he says that they were ineffective. The court understands that the plaintiff disagrees with certain decisions his lawyers made. But ineffective assistance of counsel is not a basis for altering or setting aside a judgment under Fed. R. Civ. P. 59. See Dupree v. Laster, 389 F. App'x 532, 534 (7th Cir. 2010) ("[T]here is no Sixth–Amendment right to effective assistance of counsel in a civil case, so [the plaintiff's] dissatisfaction with counsel's performance does not warrant a new trial.") (citing Stanciel v. Gramley, 2367 F.3d 575, 581 (7th Cir. 2001)). The plaintiff has not shown that the court's order granting the defendants'

renewed motion for judgment as a matter of law constituted a manifest error of law. Nor has he shown that he is entitled to relief under Rule 59(a). The court will deny his motion for relief from judgment.

The court **DENIES** the plaintiff's motion for relief from judgment. Dkt. No. 132.

Dated in Milwaukee, Wisconsin this 24th day of October, 2022.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**